1  KAREN MATTESON, Cal. Bar No. 102103
   MattesonK@sec.gov
2  MARC J. BLAU, Cal. Bar No. 198162
   BlauM@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Michele Wein Layne, Associate Regional Director
   5670 Wilshire Boulevard, 11th Floor
6  Los Angeles, California  90036
   Telephone:  (323) 965-3998
7  Facsimile: (323) 965-3908

8
                 UNITED STATES DISTRICT COURT
9
                 CENTRAL DISTRICT OF CALIFORNIA
10
                    SANTA ANA DIVISION
11

12
   SECURITIES AND EXCHANGE              Case No.: SACV 07-1022 AG (RNBx)
13 COMMISSION,
                                        [~~PROPOSED~~] FINAL JUDGMENT
14            Plaintiff,                AS TO DEFENDANT MICHAEL P.
                                        OWENS
15       vs.

16
   REAL ESTATE PARTNERS, INC.;
17 REAL ESTATE PARTNERS INCOME
   FUND I, LLC; REAL ESTATE
18 PARTNERS INCOME FUND II, BT;
   REAL ESTATE PARTNERS INCOME
19 FUND III, BT; REAL ESTATE
   PARTNERS UNIT INVESTMENT
20 BUSINESS TRUST I; REAL ESTATE
   PARTNERS UNIT INVESTMENT
21 BUSINESS TRUST II; REAL ESTATE
   PARTNERS EQUITY FUND, BT;
22 REAL ESTATE PARTNERS GROWTH
   FUND, BT; DAWSON DAVENPORT;
23 MICHAEL P. OWENS; DONALD G.
   RYAN; RICHARD McGILL; WILLIAM
24 L. SANDERS; MICHAEL TUCHMAN
   and DANNY RAYBURN,
25
              Defendants.
26

27

28

The Securities and Exchange Commission having filed a Complaint and Defendant Michael P. Owens having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined

from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell

or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, unless registered as a broker or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $4,281,251.95, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $535,283.93, for a total of $4,816,535.88.  Based on Defendant's sworn representations in his Statement of Financial Condition dated January 6, 2009, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $45,993.98 of the disgorgement and pre-judgment interest thereon is waived.  Defendant shall pay the $45,993.98 within ten days of entry of this Final Judgment.  Payment shall be made by the Defendant to the Clerk of this Court, together with a cover letter identifying Michael P. Owens as a defendant in

this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  The Clerk shall deposit the funds into an interest bearing account pursuant to Local Rule 67-2.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with Local Rule 67-2, the Clerk is authorized and directed, without further order of this Court, to deduct from the income earned on the Fund a registry fee not to exceed the amount prescribed by the Judicial Conference of the United States. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The determination not to impose a civil penalty and to waive payment of all but $45,993.98 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move

4

this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall withdraw and renounce all claims and interests, whether scheduled, filed or otherwise presented, in the bankruptcy cases *In re Real Estate Partners, Inc.*, Case No. 8:07-13239 TA (Bankr. C.D. Cal.), jointly administered with Case Nos. 8:07-13240 TA through 8:07-13246 TA (Bankr. C. D. Cal.).  To the extent Defendant has filed or otherwise presented claims in these cases, he shall file corresponding Withdrawals and Notices of Withdrawal.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**IX.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 16, 2009

_____

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE