FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP - 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1   KAREN MATTESON, Cal. Bar No. 102103
    MattesonK@sec.gov
2   MARC J. BLAU, Cal. Bar No. 198162
    BlauM@sec.gov
3
    Attorneys for Plaintiff
4   Securities and Exchange Commission
    Rosalind R. Tyson, Regional Director
5   Michele Wein Layne, Associate Regional Director
    5670 Wilshire Boulevard, 11th Floor
6   Los Angeles, California 90036
    Telephone: (323) 965-3998
7   Facsimile: (323) 965-3908

8
9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                         SANTA ANA DIVISION

12
    SECURITIES AND EXCHANGE              Case No.: SACV 07-1022 AG (RNBx)
13  COMMISSION,
                                         [PROPOSED] JUDGMENT OF
14              Plaintiff,               PERMANENT INJUNCTION AND
                                         OTHER RELIEF AS TO
15        vs.                            DEFENDANT DAWSON
                                         DAVENPORT
16
    REAL ESTATE PARTNERS, INC.;
17  REAL ESTATE PARTNERS INCOME
    FUND I, LLC; REAL ESTATE
18  PARTNERS INCOME FUND II, BT;
    REAL ESTATE PARTNERS INCOME
19  FUND III, BT; REAL ESTATE
    PARTNERS UNIT INVESTMENT
20  BUSINESS TRUST I; REAL ESTATE
    PARTNERS UNIT INVESTMENT
21  BUSINESS TRUST II; REAL ESTATE
    PARTNERS EQUITY FUND, BT;
22  REAL ESTATE PARTNERS GROWTH
    FUND, BT; DAWSON DAVENPORT;
23  MICHAEL P. OWENS; DONALD G.
    RYAN; RICHARD McGILL; WILLIAM
24  L. SANDERS; MICHAEL TUCHMAN;
    and DANNY RAYBURN,
25
                Defendants.
26
27
28

1   The Securities and Exchange Commission having filed a Complaint and

2   Defendant Dawson Davenport having entered a general appearance; consented to

3   the Court's jurisdiction over Defendant and the subject matter of this action;

4   consented to entry of this Judgment without admitting or denying the allegations of

5   the Complaint (except as to jurisdiction); waived findings of fact and conclusions

6   of law; and waived any right to appeal from this Judgment:

7                                         **I.**

8         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant

9   and Defendant's agents, servants, employees, attorneys, and all persons in active

10  concert or participation with them who receive actual notice of this Judgment by

11  personal service or otherwise are permanently restrained and enjoined from

12  violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

13  1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated

14  thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of

15  interstate commerce, or of the mails, or of any facility of any national securities

16  exchange, in connection with the purchase or sale of any security:

17         (a)    to employ any device, scheme, or artifice to defraud;

18         (b)    to make any untrue statement of a material fact or to omit to state a

19                material fact necessary in order to make the statements made, in the

20                light of the circumstances under which they were made, not

21                misleading; or

22         (c)    to engage in any act, practice, or course of business which operates or

23                would operate as a fraud or deceit upon any person.

24                                        **II.**

25        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

26  Defendant and Defendant's agents, servants, employees, attorneys, and all persons

27  in active concert or participation with them who receive actual notice of this

28  Judgment by personal service or otherwise are permanently restrained and enjoined

1  from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"),

2  15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or

3  instruments of transportation or communication in interstate commerce or by use

4  of the mails, directly or indirectly:

5        (a)    to employ any device, scheme, or artifice to defraud;

6        (b)    to obtain money or property by means of any untrue statement of a

7               material fact or any omission of a material fact necessary in order to

8               make the statements made, in light of the circumstances under which

9               they were made, not misleading; or

10       (c)    to engage in any transaction, practice, or course of business which

11              operates or would operate as a fraud or deceit upon the purchaser.

12                                       **III.**

13      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

14 Defendant and Defendant's agents, servants, employees, attorneys, and all persons

15 in active concert or participation with them who receive actual notice of this

16 Judgment by personal service or otherwise are permanently restrained and enjoined

17 from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or

18 indirectly, in the absence of any applicable exemption:

19       (a)    Unless a registration statement is in effect as to a security, making use

20              of any means or instruments of transportation or communication in

21              interstate commerce or of the mails to sell such security through the

22              use or medium of any prospectus or otherwise;

23       (b)    Unless a registration statement is in effect as to a security, carrying or

24              causing to be carried through the mails or in interstate commerce, by

25              any means or instruments of transportation, any such security for the

26              purpose of sale or for delivery after sale; or

27       (c)    Making use of any means or instruments of transportation or

28              communication in interstate commerce or of the mails to offer to sell

or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall withdraw and renounce all claims and interests, whether scheduled, filed or otherwise presented, in the bankruptcy cases *In re Real Estate Partners, Inc.*, Case No. 8:07-13239 TA (Bankr. C.D. Cal.), jointly administered with Case Nos. 8:07-13240 TA through 8:07-13246 TA (Bankr. C. D. Cal.). To the extent Defendant has filed or otherwise presented claims in these cases, he shall file corresponding Withdrawals and Notices of Withdrawal.

### V.

IT IS  FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from August 1, 2006, using the rate mandated by 28 U.S.C. § 1961 for post-judgment interest. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court

1    may determine the issues raised in the motion on the basis of affidavits,
2    declarations, excerpts of sworn deposition or investigative testimony, and
3    documentary evidence, without regard to the standards for summary judgment
4    contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection
5    with the Commission's motion for disgorgement and/or civil penalties, the parties
6    may take discovery, including discovery from appropriate non-parties.

7                                        **VI.**

8          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
9    Consent is incorporated herein with the same force and effect as if fully set forth
10   herein, and that Defendant shall comply with all of the undertakings and
11   agreements set forth therein.

12                                       **VII.**

13         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
14   Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
15   of this Judgment.

16                                      **VIII.**

17         There being no just reason for delay, pursuant to Rule 54(b) of the Federal
18   Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and
19   without further notice.

20   Dated: SEPT 2, 2009

21
22                          HONORABLE ANDREW J. GUILFORD
                            UNITED STATES DISTRICT JUDGE
23
24
25
26
27
28

5