KAREN MATTESON, Cal. Bar No. 102103
MattesonK@sec.gov
MARC J. BLAU, Cal. Bar No. 198162
BlauM@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP - 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JS6
"O"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>REAL ESTATE PARTNERS, INC.; REAL ESTATE PARTNERS INCOME FUND I, LLC; REAL ESTATE PARTNERS INCOME FUND II, BT; REAL ESTATE PARTNERS INCOME FUND III, BT; REAL ESTATE PARTNERS UNIT INVESTMENT BUSINESS TRUST I; REAL ESTATE PARTNERS UNIT INVESTMENT BUSINESS TRUST II; REAL ESTATE PARTNERS EQUITY FUND, BT; REAL ESTATE PARTNERS GROWTH FUND, BT; DAWSON DAVENPORT; MICHAEL P. OWENS; DONALD G. RYAN; RICHARD McGILL; WILLIAM L. SANDERS; MICHAEL TUCHMAN; and DANNY RAYBURN,<br><br>Defendants. | Case No.: SACV 07-1022 AG (RNBx)<br><br>[~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANTS REAL ESTATE PARTNERS, INC.; REAL ESTATE PARTNERS INCOME FUND I, LLC; REAL ESTATE PARTNERS INCOME FUND II, BT; REAL ESTATE PARTNERS INCOME FUND III, BT; REAL ESTATE PARTNERS UNIT INVESTMENT BUSINESS TRUST I; REAL ESTATE PARTNERS UNIT INVESTMENT BUSINESS TRUST II; REAL ESTATE PARTNERS EQUITY FUND, BT; AND REAL ESTATE PARTNERS GROWTH FUND, BT |

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants Real Estate Partners, Inc.; Real Estate Partners Income Fund I, LLC; Real Estate Partners Income Fund II, BT; Real Estate Partners Income Fund III, BT; Real Estate Partners Unit Investment Business Trust I; Real Estate Partners Unit Investment Business Trust II; Real Estate Partners Equity Fund, BT; and Real Estate Partners Growth Fund, BT (collectively, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or

| | | |
|---|---|---|
| 1 | | causing to be carried through the mails or in interstate commerce, by |
| 2 | | any means or instruments of transportation, any such security for the |
| 3 | | purpose of sale or for delivery after sale; or |
| 4 | (c) | Making use of any means or instruments of transportation or |
| 5 | | communication in interstate commerce or of the mails to offer to sell |
| 6 | | or offer to buy through the use or medium of any prospectus or |
| 7 | | otherwise any security, unless a registration statement has been filed |
| 8 | | with the Commission as to such security, or while the registration |
| 9 | | statement is the subject of a refusal order or stop order or (prior to the |
| 10 | | effective date of the registration statement) any public proceeding or |
| 11 | | examination under Section 8 of the Securities Act, 15 U.S.C. § 77h. |

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Real Estate Partners, Inc. is liable to the Commission for disgorgement of $49,934,841.34, representing profits gained as a result of the conduct alleged in the Complaint, together with prepetition interest thereon in the amount of $3,080,019.82, for a total of $53,014,861.16. Defendant Real Estate Partners, Inc. is jointly and severally liable to the Commission with the other entity Defendants for the $53,014,861.16 as follows: with Defendant Real Estate Partners Income Fund I, LLC for $4,210,000.00 in disgorgement, together with prepetition interest of $259,676.07, for a total of $4,469,676.07; with Defendant Real Estate Partners Income Fund II, BT for $4,940,000.00 in disgorgement, together with prepetition interest of $304,703.04, for a total of $5,244,703.04; with Defendant Real Estate Partners Income Fund III, BT for $4,930,000.00 in disgorgement, together with prepetition interest of $304,086.23, for a total of $5,234,086.23; with Defendant Real Estate Partners Unit Investment Business Trust I for $4,955,000.00 in disgorgement, together with prepetition interest of $305,628.25, for a total of $5,260,628.25; with Defendant Real Estate Partners Unit Investment Business

Trust II for $4,875,000.00 in disgorgement, together with prepetition interest of $300,693.79, for a total of $5,175,693.79; with Defendant Real Estate Partners Equity Fund, BT for $13,124,881.34 in disgorgement, together with prepetition interest of $809,552.88, for a total of $13,934,434.22; and with Defendant Real Estate Partners Growth Fund, BT for $12,899,960.00 in disgorgement, together with prepetition interest of $795,679.56, for a total of $13,695,639.56. Payment of these disgorgement amounts shall be deemed satisfied by the distributions made to the non-insider investors in the Defendants, as "insider" is defined by 11 U.S.C. § 101(31) (such "insiders" including but not limited to Defendant Dawson Davenport ("Davenport"), Defendant Michael P. Owens ("Owens"), Thomas Thompson ("Thompson"), John Itzel ("Itzel") and Rob Warren ("Warren")), pursuant to a Plan of reorganization or liquidation approved by the Bankruptcy Court in *In re Real Estate Partners, Inc.*, Case No. 8:07-13239 TA (Bankr. C.D. Cal.), jointly administered with Case Nos. 8:07-13240 TA through 8:07-13246 TA (Bankr. C.D. Cal.). If another party does not bring an action under 11 U.S.C § 510 to subordinate any claims or assertions of interests by Davenport, Owens, Thompson, Itzel and/or Warren to satisfaction of all other claims and interests, or does not file an objection under 11 U.S.C. § 502 to any claim filed by any of these individuals, Defendants shall bring a timely action under 11 U.S.C. § 510 or a timely objection to such claim(s) under 11 U.S.C. § 502. If no Plan is approved by the Bankruptcy Court or if no distribution to the non-insider investors is made in the bankruptcy cases, disgorgement shall be paid to the Commission. If disgorgement is paid to the Commission, it shall be paid by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the Defendants as a defendants in this action;

setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendants' representations in their Schedules filed in the bankruptcy cases *In re Real Estate Partners, Inc.*, Case No. 8:07-13239 TA (Bankr. C.D. Cal.), jointly administered with Case Nos. 8:07-13240 TA through 8:07-13246 TA (Bankr. C.D. Cal.), and other documents and information submitted to the Commission, the Court is not ordering the Defendants to pay civil penalties. The determination not to impose civil penalties is contingent upon the accuracy and completeness of the Defendants' bankruptcy Schedules and information submitted to the Commission. If at any time following the entry of this Final Judgment the Commission obtains information indicating that any Defendant's representations in its Schedules or to the Commission concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to that Defendant, petition the Court for an order requiring that Defendant to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by the Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering the Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of its

Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prepetition interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement or prepetition interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants' Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: SEPT. 2, 2009

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE