# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>REAL ESTATE PARTNERS, INC.; REAL ESTATE PARTNERS INCOME FUND I, LLC; REAL ESTATE PARTNERS INCOME FUND II, BT; REAL ESTATE PARTNERS INCOME FUND III, BT; REAL ESTATE PARTNERS UNIT INVESTMENT BUSINESS TRUST I; REAL ESTATE PARTNERS UNIT INVESTMENT BUSINESS TRUST II; REAL ESTATE PARTNERS EQUITY FUND, BT; REAL ESTATE PARTNERS GROWTH FUND, BT; DAWSON DAVENPORT; MICHAEL P. OWENS; DONALD G. RYAN; RICHARD McGILL; WILLIAM L. SANDERS; MICHAEL TUCHMAN; and DANNY RAYBURN,<br><br>　　　　Defendants. | Case No. SACV 07-1022 AG (MLGx)<br><br>**FINAL JUDGMENT AGAINST DAWSON DAVENPORT** |

The Court, having previously entered a Judgment Of Permanent Injunction And Other Relief As To Defendant Dawson Davenport pursuant to the Consent of Dawson Davenport ("Davenport") on September 4, 2009 (Dkt. No. 125), and having granted Plaintiff Securities and Exchange Commission ("Commission") summary judgment regarding all remaining relief it sought against Davenport by Order issued on October 28, 2013 (Dkt. No. 143), now issues this Final Judgment setting forth all relief granted against Davenport:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall withdraw and renounce all claims and interests, whether scheduled, filed or otherwise presented, in the bankruptcy cases *In re Real Estate Partners, Inc.*, Case No. 8:07-13239 TA (Bankr. C.D. Cal.), jointly administered with Case Nos. 8:07-13240 TA through 8:07-13246 TA (Bankr. C. D. Cal.), to the extent he has not already done so pursuant to the Judgment entered against him pursuant to his Consent on September 4, 2009 (Dkt. 125). To the extent Defendant has filed or otherwise presented claims in these cases, he shall file corresponding Withdrawals and Notices of Withdrawal, if he has not done so pursuant to the September 29, 2009, Judgment.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $256,667.27, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $111,396.26. Defendant shall satisfy this obligation by paying $368,063.53 to the estate of *In re Real Estate Partners, Inc. et al.*, through its court-appointed natural person in charge, Richard Kipperman. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. To the extent that Defendant has already made payments to the estate of *In re Real Estate Partners, Inc. et al.*, and he provides evidence of such payments to the Commission through its counsel, including copies of canceled checks or documentation of wire transfers, those amounts shall be deemed paid in partial satisfaction of Defendant's disgorgement liability pursuant to this Final Judgment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $256,667.27 to the Securities and Exchange Commission pursuant to Section 20(d)(2)(C) of the Securities Act, 15 U.S.C. § 77t(d)(2)(C), and Section 21(d)(3)(B)(iii) of the Exchange Act, 15 U.S.C. § 78u(d)(3)(B)(iii). Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Dawson Davenport as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment, and all other Judgments entered in this Action.

### VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 18, 2014

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE